IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-20030-JAR |
| ORLANDO CORTEZ-NIETO, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's pro se Motion to Reduce Sentence and Motion to Appoint Counsel.[1] The government has responded[2] and the Court is prepared to rule. Specifically, Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines, asserting he is entitled to relief because he is a "Zero-Point Offender." For the reasons discussed below, the Court dismisses Defendant's motion.

**I.   Facts**

On July 9, 2019, a jury convicted Defendant of conspiring to manufacture and attempt to manufacture 50 grams of more of methamphetamine, manufacturing and attempting the manufacture 50 grams or more of methamphetamine, possession with intent to distribute 50 grams or more of methamphetamine, and maintaining a drug premise.[3] Defendant was held accountable for more than 4.5 kilograms of "ice" methamphetamine. Defendant had no scoreable criminal convictions, resulting in a criminal history category of I. His guideline range

---

[1] Doc. 219.
[2] Doc. 220.
[3] Doc. 124.

was 360 months to life, based on a total offense level of 42 and a criminal history category of I. Judge Carlos Murguia sentenced Defendant to 240 months of imprisonment, below the guideline range.[4]

## II.     Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[5] Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[6]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[7] Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[8] With respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;

---

[4] Doc. 158.

[5] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[6] *See* 18 U.S.C. § 3582(c)(2).

[7] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[8] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

>(6) the defendant did not personally cause substantial financial hardship;
>(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[9]

### III.    Discussion

Defendant's motion seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). The government concedes that Defendant was assigned no criminal history points and is thus a Zero-Point Offender but argues that Amendment 821 does not provide Defendant any relief.  The Court agrees.

Applying Guideline Section 4C1.1 would reduce Defendant's total offense level from 42 to 40.  Based on a total offense level 40 and a criminal history category I, Defendant's amended guideline range would be reduced to 292–365 months, far greater than Defendant's sentence of 240 months of imprisonment. The guideline policy statements under U.S.S.G. § 1B1.10(b)(2) preclude this Court from reducing Defendant's term of imprisonment below the minimum of the amended guideline range.  Accordingly, Amendment 821 provides Defendant no relief, a sentence reduction is not authorized and the Court must dismiss Defendant's motion.

---

[9] *See* U.S.S.G. § 4C1.1(a).

The Court also denies Defendant's motion for appointment of counsel. It is well-settled that a *pro se* defendant has no constitutional right to counsel beyond the direct appeal of his criminal conviction.[10] Moreover, Defendant's motion is wholly without merit, so the Court finds no reason to appoint counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 219) is **dismissed**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Appoint Counsel (Doc. 219) is **denied.**

**IT IS SO ORDERED.**

Dated: <u>September 26, 2025</u>

 s/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[10] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (no right to counsel for Section 3582(c)(2) motion); *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 (10th Cir. 2021) (no right to counsel for compassionate release motion).